UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

L. RUTHER, )
)
        Plaintiff, )
) No: 1:16-cv-314-CLC-SKL
v. )
)
TENNESSEE OFFICERS, )
)
        Defendant. )

## REPORT AND RECOMMENDATION

Before the Court is an application to proceed *in forma pauperis* ("IFP") filed by L. Ruther ("Applicant") [Docs. 2 & 4]. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the rules of this Court.

Title 28 U.S.C. § 1915 authorizes an indigent plaintiff to file a complaint without prepayment of the usual filing fee. The purpose of the statute is "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*citing Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). The Court's review of an application to proceed IFP is generally based solely on the affidavit of indigence. *See*, *e.g.*, *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement a petitioner must meet in order to proceed IFP is to show, by affidavit, that he is unable to pay court fees and costs. 28 U.S.C. § 1915(a). An affidavit to proceed IFP is sufficient if it shows the petitioner's financial situation will not permit him to pay for the costs of the litigation and also be able to provide the necessities of life for himself and his dependents. *Adkins*, 355 U.S. at 339.

Here, the Application is incomplete as it is missing pages and thus provides insufficient information to determine whether Applicant is indigent. The Application, like other applications that appear to be submitted by the same Applicant, i.e. Larry Ruther, and the underlying complaint is incomprehensible. Thus, Applicant has not established his ability to pay court fees or any entitlement to proceed without payment of fees. Accordingly, I **RECOMMEND** the motion to proceed IFP [Docs. 2& 4] be **DENIED**[1] and that Applicant be assessed the $400 filing fee if he wishes to proceed with this case.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).